LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JOHN M. NEUKOM (SBN 275887)
john.neukom@skadden.com
CHRISTOPHER B. MCKINLEY (SBN 306087)
christoper.mckinley@skadden.com
MICHELLE KAO (SBN 322758)
michelle.kao@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone:   (650) 470-4500
Facsimile:   (650) 470-4570

ABRAHAM A. TABAIE (SBN 260727)
abraham.tabaie@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Defendants,
ENEL X NORTH AMERICA and
ELECTRIC MOTOR WERKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGE BETAK, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>VALERY MIFTAKHOV, an individual; ELECTRIC MOTOR WERKS, INC., a Delaware corporation; and ENEL X NORTH AMERICA, a Delaware corporation,<br><br>            Defendants. | CASE NO.:  3:19-cv-02516-JSC<br><br>**(A) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ELECTRIC MOTOR WERKS, INC. AND ENEL X NORTH AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT;**<br><br>**(B) DECLARATION OF CHRISTOPHER B. MCKINLEY; and**<br><br>**(C) [PROPOSED] ORDER.**<br><br>Date:  September 5, 2019<br>Time:  9:00 a.m.<br>Judge: Hon. Jacqueline Scott Corley<br><br>Complaint Filed: May 9, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Federal Rule of Evidence 201, Defendants Electric Motor Werks, Inc. ("EMW") and Enel X North America ("Enel X") (collectively, the " Corporate Defendants"), by and through their counsel of record, hereby respectfully request that the Court take judicial notice of the following exhibits attached to the Declaration of Christopher B. McKinley:

Exhibit A: a true and correct copy of U.S. Patent Application Pub. No. 2013/0179061 to Gadh et al., dated July 11, 2013;

Exhibit B: a true and correct copy of U.S. Patent Application Pub. No. 2009/0021213 to Johnson, dated January 22, 2009;

Exhibit C: a true and correct copy of U.S. Patent No. 9,987,941 to Miftakhov et al., dated June 5, 2018. Exhibit C is attached to Plaintiff George Betak's ("Betak") Complaint ("Complaint") as Exhibit A; and

Exhibit D: a true and correct copy of U.S. Patent No. 10,025,277 to Miftakhov et al., dated July 17, 2018. Exhibit D is attached to the Complaint as Exhibit B.

Date: July 3, 2019              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                By:  */s/  John M. Neukom*
                                     JOHN M. NEUKOM

                                Attorneys for Defendants,
                                ENEL X NORTH AMERICA and
                                ELECTRIC MOTOR WERKS, INC.

**REQUEST FOR JUDICIAL NOTICE ISO CORPORATE DEFENDANTS' MOTION TO DISMISS**   CASE NO.: 3:19-cv-02516-JSC

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXISTENCE AND CONTENTS OF EXHIBITS A-D TO THE MCKINLEY DECLARATION

Pursuant to Federal Rule of Evidence 201, the Corporate Defendants respectfully request that this Court take judicial notice of and consider Exhibits A-D, attached to the Declaration of Christopher B. McKinley, filed herewith.

When considering a Rule 12(b)(6) motion, a "court need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014) (alteration in original) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). And it is well established that "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."); *Eastman v. Apple Inc.*, No. 18-cv-05929-JST, 2018 WL 5982440, at *5 (N.D. Cal. Nov. 14, 2018) (taking judicial notice of and considering the patents at issue when dismissing a corrected inventorship claim because they "form[ed] the basis of the complaint" and their authenticity was not disputed) (citation omitted).

"It is also well-established that a court may take judicial notice of patents or patent applications." *Anderson*, 570 F. App'x at 932 n.3 (taking judicial notice of and considering the patent at issue when deciding a Rule 12(b)(6) motion); *see Coffelt v. NVIDIA Corp.*, No. CV16-0045 SJO (KKX), 2016 WL 7507763, at *2 n.3 (C.D. Cal. June 21, 2016), *aff'd*, 680 F. App'x 1010 (Fed. Cir. 2017) (taking judicial notice of the prosecution history of the asserted patent which "includes the prior art cited during the examination of the patent" (citation and quotation omitted)); *Klang v. Pflueger*, No. SACV 13-01971 JVS (DFMX), 2014 WL 4922401, at *1 (C.D. Cal. July 10, 2014), (taking judicial notice of two USPTO patent assignment records and two U.S. patents because they were public records and not subject to reasonable dispute); *Prestige Pet Prods., Inc.*

1

REQUEST FOR JUDICIAL NOTICE ISO CORPORATE DEFENDANTS' MOTION TO DISMISS   CASE NO.: 3:19-CV-02516-JSC

*v. Pingyang Huaxing Leather & Plastic Co.*, 767 F. Supp. 2d 806, 813 n.3 (E.D. Mich. 2011) (taking judicial notice of and considering an Office Action in the prosecution history that was not part of the pleading when granting a motion to dismiss).

### A. The Patents at Issue Are Properly Subject to Judicial Notice

Here, the court should take judicial notice of the existence and contents of U.S. Patent Nos. 9,987,941 ("the '941 patent")[1] and 10,025,277 ("the '277 patent")[2] to Miftakhov et al. (collectively, "the patents at issue") because they were referenced in the Complaint, form the basis for Betak's corrected inventorship claims; and are not the subject of disputed authenticity. The patents at issue—the '941 patent and the '277 patent—were attached to the Complaint as Exhibits A and B, respectively. (*See* Exs. A & B to Compl.) The Complaint alleges that Betak was an omitted inventor of the patents at issue and, as such, they are central to Betak's corrected inventorship claims. *Id.* at Counts I & II. Furthermore, given that the patents at issue are U.S. patents, there are no reasonable disputes as to their authenticity. *See Marder*, 450 F.3d at 448 (taking judicial notice of a release that was central to the plaintiff's co-ownership claim of a copyrighted work); *Anderson*, 570 F. App'x at 932 n.3 (taking judicial notice of and considering the patent at issue when it was central to a patentee's infringement claim); *Eastman*, 2018 WL 5982440, at *5 (taking judicial notice of and considering the patents at issue when dismissing a corrected inventorship claim because they "form[ed] the basis of the complaint" and their authenticity was not disputed).

Moreover, the Court should also take judicial notice of the Exhibits C and D because they are U.S. patents, which constitute public records the authenticity of which cannot reasonably be disputed. *See Anderson*, 570 F. App'x at 932 n.3 (taking judicial notice of the patent at issue because "a court may take judicial notice of patents or patent applications"); *Coffelt*, 2016 WL 7507763, at *2 n.3 (taking judicial notice of the prosecution history of the asserted patent which "includes the prior art cited" therein); *Klang*, 2014 WL 4922401, at *1 (taking judicial notice of

---

[1] Ex. C to the McKinley Decl.; and (Ex. A to the Compl.)
[2] Ex. D to the McKinley Decl.; and (Ex. B to the Compl.)

2

**REQUEST FOR JUDICIAL NOTICE ISO CORPORATE DEFENDANTS'**  **CASE NO.: 3:19-cv-02516-JSC**
**MOTION TO DISMISS**

two USPTO patent assignment records and two U.S. patents because they were public records and not subject to reasonable dispute). Accordingly, the Court should take judicial notice of the patents at issue—Exhibits C and D (here), and Exhibits A and B (in the Complaint).

### B.     The Patent Applications Are Properly Subject to Judicial Notice

Moreover, the Court should take judicial notice of U.S. Patent Appl. Pub. Nos. 2013/0179061 to Gadh et al. ("Gadh")[3] and 2009/0021213 to Johnson ("Johnson")[4] because they are cited as references on the respective faces of the patents at issue, they are central to Betak's corrected inventorship claims, and they are U.S. patent applications, the authenticity of which is not subject to reasonable dispute.

As explained, the patents at issue were attached to, and referred to in, the Complaint, and Gadh and Johnson are cited as references to the patents in suit—Johnson on the '941 patent and Gadh on the '277 patent. (*See* Exs. C at 1 & D at 1 to McKinley Decl.; Exs. A & B to Compl.) As prior art to the patents in suit, Gadh (published in July 2013) and Johnson (published in January 2009), are central to Betak's corrected inventorship claims because a conception determination (or, as here, lack thereof) requires consideration of the state of the art. *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1461 (Fed. Cir. 1998) ("One who simply provides the inventor with well-known principles or explains the state of the art without ever having 'a firm and definite idea' of the claimed combination as a whole does not qualify as a joint inventor."); *Gen. Elec. Co. v. Wilkins*, 750 F.3d 1324, 1332 (Fed. Cir. 2014) (denying a corrected inventorship claim where the omitted inventor's idea "contributed nothing beyond what was already known in the art" and holding that a "person will not be a coinventor if he or she does no more than explain to the real inventors concepts that are well known and the current state of the art"); *Eastman*, 2018 WL 5982440, at *6 ("[A] joint inventor must . . . do more than merely explain to the real inventors well-known concepts and/or the current state of the art.").

---

[3] Ex. A to the McKinley Decl.
[4] Ex. B to the McKinley Decl.

3

**REQUEST FOR JUDICIAL NOTICE ISO CORPORATE DEFENDANTS'**  **CASE NO.: 3:19-CV-02516-JSC**
**MOTION TO DISMISS**

Indeed, Gadh's and Johnson's publications predate the date Betak allegedly shared his "idea" with Miftakhov. (*See* Compl. ¶ 24 (stating that Betak shared his purported Wi-Fi connectivity idea with Miftakhov on May 15, 2014).) Further, the Complaint acknowledges that consideration of the prior art is central to Betak's corrected inventorship claim at least by alleging that Betak's revenue-grade meter idea was not "on the market at that time," (*id.* ¶ 46), which Gadh contradicts. *See Anderson*, 570 F. App'x at 931 (holding that a "court need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit"). And given that they are pre-grant publications of U.S. patent applications, Gadh and Johnson cannot reasonably be the subject of disputed authenticity. *See Marder*, 450 F.3d at 448 (taking judicial notice of a release that was central to the plaintiff's co-ownership claim of a copyrighted work); *Anderson*, 570 F. App'x at 932 n.3 (taking judicial notice of and considering the patent at issue when it was central to a patentee's infringement claim); *Eastman*, 2018 WL 5982440, at *5 (taking judicial notice of and considering the patents at issue when dismissing a corrected inventorship claim because they "form[ed] the basis of the complaint" and their authenticity was not disputed).

Moreover, the Court should take judicial notice of Gadh and Johnson because they are pre-grant publications of U.S. patent applications, which constitute public records whose authenticity cannot reasonably be disputed. *See Anderson*, 570 F. App'x at 932 n.3 (taking judicial notice of the patent at issue because "a court may take judicial notice of patents or patent applications"); *Coffelt*, 2016 WL 7507763, at *2 n.3 (taking judicial notice of the prosecution history of the asserted patent which "includes the prior art cited" therein); *Klang*, 2014 WL 4922401, at *1 (taking judicial notice of two USPTO patent assignment records and two U.S. patents because they were public records and not subject to reasonable dispute). Accordingly, the Court should take judicial notice of Gadh and Johnson—Exhibits A and B.

## II.   CONCLUSION

For the foregoing reasons, the Corporate Defendants respectfully request that the Court take judicial notice of Exhibits A-D to the Declaration of Christopher B. McKinley filed

4

1 | contemporaneously with this Request for Judicial Notice in Support of Corporate Defendants'
2 | Motion to Dismiss.

3 | Date: July 3, 2019                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   */s/ John M. Neukom*
       John M. Neukom

Attorneys for Defendants,
ENEL X NORTH AMERICA and
ELECTRIC MOTOR WERKS, INC.